2018R00781/JSG/SD/ms

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Peter G. Sheridan , U.S.D.J. |
| v. | : | Crim. No. 20-412 (PGS) |
| PETER COSTAS, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about May 20, 2020, pursuant to a plea agreement with the United States, defendant Peter Costas (the "defendant") pleaded guilty to a one-count Information, which charged him with knowingly and willfully conspiring to defraud a health care benefit program, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349. In the plea agreement, the defendant agreed to forfeit to the United States all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense charged in the Information, which the defendant agreed was $76,425 (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the imposition of the Money

Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this at the guilty plea proceeding, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

The defendant acknowledges that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense charged in the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. The defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was $76,425. A money judgment in the amount of $76,425 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($76,425).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $76,425.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: Newark, New Jersey
May 20 , 2020

s/Peter G. Sheridan
HONORABLE PETER G. SHERIDAN
United States District Judge

The undersigned hereby consent to the entry and form of this order:

CRAIG CARPENITO
United States Attorney

By: JASON S. GOULD
Assistant United States Attorney

Dated:

PETER J. COSTAS
Defendant

Dated: 5-20-2020

ASHLEY E. SHAPIRO, ESQ.
Attorney for Defendant Peter J. Costas

Dated: 5-21-2020