PROB 12C
(4/19)

# United States District Court
## for
## District of New Jersey
## Second Amended Petition for Warrant or Summons for Individual Under Supervision

**Name of Individual Under Supervision:** Peter J. Costas     **Docket Number:** 20-00412-001
    **PACTS Number:** 5626803

**Name of Sentencing Judicial Officer:**    THE HONORABLE PETER G. SHERIDAN
    SENIOR UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 12/14/2020

**Original Offense:**    Count 1: Conspiracy to Commit Health Care Fraud, in violation of 18 USC§ 1349

**Original Sentence:** 13 months imprisonment followed 36 months supervised release

**Special Conditions:** Special Assessment, Restitution - Money, Substance Abuse Testing, Drug Treatment, Financial Disclosure, Mental Health Treatment, No New Debt/Credit, Self-Employment/Business Disclosure

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** 10/14/2021

**Assistant U.S. Attorney:** Jason Scott Gould, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Russell Depersia, 1085 North Black Horse Pike, Suite 10, Williamstown, NJ 08094, (856) 288-7834; & Ashley Shapiro, 2005 Market Street, 29th Floor, Philadelphia, PA 19103, (215) 780-2064

## PETITIONING THE COURT

- [✓] To amend the petition signed on March 17, 2022, with additional allegations of noncompliance and issue a warrant.
- [ ] To issue a summons

The probation officer believes that the individual under supervision has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The individual under supervision has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior** |

        **history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'**

        On March 9, 2022, Peter Costas was unsuccessfully discharged from Achieve Wellness and Recovery in Northfield, New Jersey, after he was found with a 750 milliliter bottle of Vodka and was intoxicated while at the intensive outpatient program. He entered the treatment program on February 10, 2022.

2         The individual under supervision has violated the standard supervision condition which states **'You must follow the instructions of the probation officer related to the conditions of supervision.'**

        On March 9, 2022, Peter Costas was instructed by the probation officer to enter the detoxification program at Recovery Centers of America in Mays Landing, New Jersey, after being unsuccessfully discharged from intensive outpatient treatment earlier in the day. Mr. Costas refused and indicated to the probation officer that she can take court action if needed. It is also noted that the program staff at Recovery Centers of America reported Mr. Costas was belligerent and hostile toward them as they spoke to him about entering the detoxification program. The staff reported he appeared heavily intoxicated. The Hamilton Township Police were also called to evaluate if Mr. Costas needed to be transported to crisis intervention. The officers declined to transport Mr. Costas because he did not verbalize homicidal or suicidal ideations, but confirmed to the probation officer that he smelled of alcohol and his eyes were glassy, all congruent with being intoxicated.

3         The individual under supervision has violated the standard supervision condition which states **'You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.'**

        On March 14, 2022, Peter Costas reported to the probation officer that he was in Yardley, Pennsylvania, at his girlfriend's house. He reported he planned to stay at her residence to spend time with her before entering a treatment program the next day. Mr. Costas did not have permission to leave the District of New Jersey.

4         The individual under supervision has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and/or the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'**

        Peter Costas was recommended to attend inpatient substance abuse treatment following his completion of the detoxification program. The probation officer also instructed Mr. Costas to enter an inpatient program for at least 28 days to address his substance abuse. On March 14, 2022, Peter Costas was released from

the detoxification program. Mr. Costas reported to the probation officer that he declined the program recommended by the detoxification program, citing the program recommended was affiliated with his instant offense and he was not accepted to the program. He stated he told the detoxification program about the conflict of interest. Mr. Costas reported to the probation officer that he was going to Silver Lining Recovery Center in Langhorne, Pennsylvania for inpatient treatment, which was against the clinical advice of the detoxification program. Mr. Costas represented that it was an inpatient substance abuse program, and he would be there for 28 days. Upon verifying the program, the program staff confirmed the program is an intensive outpatient treatment program which runs six days per week and the participant can stay at the recovery house if needed, but is allowed to go home daily. Based on this information, the program is not the level of care recommended by the treatment provider and does not follow the instruction of the probation officer. He withdrew the release of information for the probation officer to speak with or obtain records from the program on March 13, 2022.

| | |
|---|---|
| 5 | The individual under supervision has violated the standard supervision condition which states **'You must follow the instructions of the probation officer related to the conditions of supervision.'**

Peter Costas was instructed to enter an inpatient program upon release from the Sunrise Detoxification Program in Toms River, New Jersey. Mr. Costas, instead, chose to enter a program for outpatient treatment, which permits him to go "home" every day. |
| 6 | The individual under supervision has violated the special supervision condition which states **'You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.'**

Peter Costas was unsuccessfully discharged from Achieve Wellness and Recovery on May 27, 2022, after poor attendance during the week of May 23, 2022, to May 27, 2022, and testing positive for alcohol on a breathalyzer on May 27, 2022. During a telephone conversation with Costas, the probation officer spoke to him about being discharged from treatment, and he admitted to drinking alcohol and blowing a 0.05 BAC on the breathalyzer at the treatment program causing his discharged from the program. |
| 7 | The individual under supervision has violated the standard supervision condition which states **'You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the** |

probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.'

On April 18, 2022, Peter Costas was released pending a final violation of supervised release hearing under the following conditions of bail: (1) participate in substance abuse treatment at Achieve Wellness as directed by the program and approved by the Probation Office, and (2) live in a sober living house affiliated with the program and approved by the Probation Office until stepped down to outpatient services or he has made satisfactory progress toward outpatient treatment, and has a residence approved by the Probation Office.

On June 6, 2022, the probation officer was notified that Peter Costas no longer resided at the approved sober living house and failed to report his change in residence. During a telephone call with Peter Costas on June 6, 2022, he admitted that he no longer resided at the sober living house and was in the process of finding another. He failed to report a change in residence within the allotted time specified by the condition of release.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

*Shavaughn Chapman*
By:   SHAVAUGHN M. CHAPMAN
      Senior U.S. Probation Officer

/ smc

Prob 12C – page 5
Peter J. Costas

APPROVED:

*Steve Alfrey*                          6/6/2022

_____
STEVEN ALFREY           Date
Supervising U.S. Probation Officer

THE COURT ORDERS:

☑ The Issuance of a Warrant (as recommended by the Probation Office)
☐ The Issuance of a Summons. Date of Hearing: _____.
☐ No Action
☐ Other

_____
Signature of Judicial Officer

6/6/22
_____
Date